**Serafin NUÑEZ and Paulina Nuñez, Appellants,**

v.

**Gayle CALDAROLA, Appellee.**

**No. 13–97–184–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 30, 1999.

---

Andrew M. Greenwell, James R. Harris, Harris & Greenwell, Corpus Christi, for Appellants.

Ronald B. Brin, Thomas F. Nye, Linda C. Breck, Brin & Brin, Corpus Christi, Gilberto Hinojosa, Magallanes & Hinojosa, Brownsville, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and KENNEDY.[1]

## OPINION

Opinion by Justice YAÑEZ.

In this legal malpractice case, appellants Serafín and Paulina Nuñez ("the Nuñezes"),[2] appeal a summary judgment granted in favor of appellee, Gayle Caldarola. In four points of error, appellants contend the trial court erred in: (1) granting summary judgment on the basis of limitations; (2) taking judicial notice of documents in other causes; (3) granting appellee's motion to transfer venue; and (4) granting monetary sanctions against appellants. We reverse the trial court's order granting sanctions in favor of Caldarola and as modified, affirm the judgment.

### Factual and Procedural History

On September 10, 1990, Serafín Nuñez sustained injuries as a result of a welding accident involving a gasoline tank explosion. On September 14, 1990, the Nuñezes hired the Law Offices of Frank Herrera to represent them in a potential lawsuit aris-

ing from the accident. On August 18, 1992, a few weeks before limitations expired, they hired Caldarola to represent them in their claims and signed a contingent fee agreement with her. On September 9, 1992, Caldarola filed suit ("the underlying lawsuit") against five defendants, including the company Nuñez worked for when the accident occurred,[3] the company's owners, another company (mistakenly believed to be the retailer of the welder), and the manufacturer of the welder. Caldarola did not sue the owner of the gasoline tank. According to Caldarola, she hired an expert, who told her the welder was not defective, and non-suited the manufacturer of the welder with prejudice in March of 1993. By a letter dated April 4, 1993, Nuñez notified Caldarola that he was firing her and hiring a new attorney. The Nuñezes then filed suit in Cameron County, alleging legal malpractice against Caldarola, Herrera, and one of Herrera's associates.[4] On the first day of the Cameron County trial, March 18, 1996, the Nuñezes non-suited Caldarola without prejudice.

A few days later, on March 21, 1996, the Nuñezes filed the present malpractice suit against Caldarola in Bexar County.[5] Caldarola moved to transfer venue to Cameron County, and the trial court granted the motion.[6] Following the transfer, Caldarola moved for summary judgment on the ground that the Nuñezes' claims were barred by limitations. She argued any

---

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. References to "Nuñez" mean Serafín Nuñez. Although his wife, Paulina, is a party to both the underlying lawsuit and the malpractice lawsuit, her claims in the underlying suit are primarily for loss of companionship and loss of consortium as a result of her husband's injuries.

3. It is unclear whether Nuñez's employer was included in the initial suit or sued separately. Whether the defendants were sued in one or several lawsuits has no bearing on this ap-

peal. "Underlying lawsuit" refers, therefore, to one or more lawsuits filed by the Nuñezes regarding their underlying claims.

4. The Nuñezes' first malpractice lawsuit was designated as Cause No. 94–08–3826–C. Caldarola's co-defendants from the first malpractice lawsuit are not involved in this appeal.

5. The present lawsuit was initially filed in the 166th District Court in Bexar County as Cause No. 96–CI–04164. Caldarola was not served until July 22, 1996.

6. Following transfer to the 107th District Court in Cameron County, the lawsuit was designated as Cause No. 96–11–7029–A.

cause of action for alleged malpractice accrued, at the latest, on April 4, 1993, the date her representation in the underlying suit ceased. Because the Nuñezes' lawsuit was filed on March 21, 1996, it was barred by limitations. The Nuñezes argued that under the tolling provision discussed in *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154 (Tex.1991), limitations were tolled during the pendency of the underlying suit. The trial court granted Caldarola's motion, and this appeal followed.

## Summary Judgment Standard of Review

■ When a defendant moves for summary judgment based on the affirmative defense of limitations, she assumes the burden of showing as a matter of law that the suit is barred by limitations. *KPMG Peat Marwick v. Harrison County Housing Finance Corp.,* 988 S.W.2d 746, 748 (Tex.1999); *Ponder v. Brice & Mankoff,* 889 S.W.2d 637, 641 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Specifically, the movant must: (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law there is no genuine issue of fact concerning when the plaintiff discovered or should have discovered the nature of its injury. *KPMG Peat Marwick,* 988 S.W.2d at 748; *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990).

■ A claim of legal malpractice has a two-year statute of limitations. Tex.Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon Supp .1999); *Norman v. Yzaguirre & Chapa,* 988 S.W.2d 460, 461 (Tex.App.—Corpus Christi 1999, no pet.); *Dear v. Scottsdale Ins. Co.,* 947 S.W.2d 908, 917 (Tex. App.—Dallas 1997, writ denied). A plaintiff may toll the statute of limitations if he affirmatively pleads either: (1) the discovery rule, which provides that the statute does not begin to run until the claimant discovers or should have discovered the facts that establish the elements of the claim; or (2) the *Hughes* rule,[7] which states that the statute does not begin to run until all appeals on the underlying claim are exhausted. *Hall v. Stephenson,* 919 S.W.2d 454, 465 (Tex.App.—Fort Worth 1996, writ denied).

■ In the present case, appellants did not plead the discovery rule, but did plead that limitations were tolled under the *Hughes* rule. Thus, Caldarola, as the summary judgment movant, had the burden of: (1) showing when appellants' cause of action for legal malpractice accrued, and (2) negating applicability of the *Hughes* rule and proving, as a matter of law, that appellants failed to file suit within the applicable statute of limitations. If the movant establishes that the statute of limitations bars the action as a matter of law, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick,* 988 S.W.2d at 748; *Gonzalez v. Phoenix Frozen Foods, Inc.,* 884 S.W.2d 587, 589 (Tex.App.—Corpus Christi 1994, no writ). The question of when a cause of action accrues is a question of law for the court. *Moreno v. Sterling Drug,* 787 S.W.2d 348, 351 (Tex.1990). In applying the statute of limitations, a cause of action is said to accrue when facts come into existence which give a claimant the right to seek a remedy in the courts. *Ponder,* 889 S.W.2d at 641 (citing *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex. 1977)).

## The *Hughes* Tolling Doctrine

■ We begin by addressing appellants' argument that the trial court erred in granting summary judgment because the tolling rule in *Hughes* applies. In *Murphy v. Campbell,* 964 S.W.2d 265 (Tex.1997), the Texas Supreme Court "expressly limited [application of the *Hughes* tolling doctrine] to claims against a lawyer arising out of litigation where the party must not only assert inconsistent positions but must

---

**7.** *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154, 157 (Tex.1991).

also obtain new counsel." *Id.* at 273. In *Norman,* this Court recently interpreted the rule discussed in *Murphy* as tolling limitations "only where necessary to spare a party from being forced to assume inconsistent positions and from being forced to obtain new counsel." *Norman,* 988 S.W.2d at 463. In *Norman,* we rejected application of the *Hughes* rule to toll limitations in a legal malpractice case where the plaintiff had fired his attorney and hired new counsel to represent him in the underlying action. *Id.* We held that under *Murphy,* limitations on the plaintiff's legal malpractice case began to run when the representation in which the alleged malpractice occurred ceased, because once the representation ceased, the plaintiff was no longer in a position where filing the malpractice case forced him to obtain new counsel. *Id.; see also Apex Towing Co., et al. v. Tolin, et al.,* 997 S.W.2d 903, 905 (Tex.App.—Beaumont 1999) (*Hughes* tolling provision applicable only where client is continuing to use the same lawyer in pending litigation).

■ In the present case, Caldarola's summary judgment evidence included, among other documents, a copy of the Nuñezes' original petition, dated March 27, 1996, and a copy of Nuñez's April 4, 1993 letter terminating Caldarola's representation in the underlying suit. In addition, the record reflects the following exchange between the parties' counsel and the court:

> Counsel for Nuñez: I think that we would agree on the date as to when representation ceased, which would have been in '90—

> Counsel for Caldarola: April.

> Counsel for Nuñez: '93?

> Counsel for Caldarola: Yeah, I think April 12th, 14th of '93, which is when the Plaintiffs terminated Gayle Caldarola and hired a new lawyer.

> The Court: And that's what both sides agree is the date the cause of action accrued? I mean, if you don't agree, I just need to know.

> Counsel for Nuñez: We would say that probably the cause of action *would have accrued prior to that time* because that's when the legal services were being performed. (emphasis added).

> Counsel for Caldarola: I would agree that that is the latest date on which the cause of action may have accrued.

We hold limitations began to run on the Nuñezes' malpractice case on April 4, 1993 because they were no longer in a position where filing a malpractice case against Caldarola would force them to obtain new counsel for the underlying case. Therefore, the Nuñezes' malpractice case, filed on March 27, 1996, was not filed within the two year limitations period, and the trial court properly granted summary judgment in favor of Caldarola. We overrule the Nuñezes' first point of error.

### Judicial Notice

■ In their second point, the Nuñezes contend the trial court erred in taking judicial notice of several documents in the underlying lawsuits, including docket sheets and an agreed order purportedly consolidating two of the underlying suits which the Nuñezes allege to be pending. The court also took judicial notice of documents on file in one of the underlying lawsuits.

The record reflects that at the hearing on the motion for summary judgment, Caldarola requested that the court take judicial notice of the documents in order to show that the Nuñezes' underlying lawsuits had either been dismissed for want of prosecution or were not being actively pursued. The Nuñezes contend the summary judgment evidence indicates the underlying lawsuits remain pending and that even if their malpractice cause of action accrued on April 4, 1993, the statute of limitations is tolled under the *Hughes* tolling doctrine.

■ Generally, a court cannot take judicial notice of the records of another court in another case unless a party provides

proof of those records. *Bhalli v. Methodist Hospital,* 896 S.W.2d 207, 210 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Because of our disposition of the Nuñezes' first point, however, any error committed by the trial court in taking judicial notice of the documents was harmless. We overrule the Nuñezes' second point.

### Sanctions

■ In their fourth point, the Nuñezes contend the trial court erred in granting Caldarola five hundred dollars in discovery sanctions. It is undisputed that the sanctions imposed in the present case (Cause No. 96–11–7029–A, the Nuñezes' *second* malpractice lawsuit) were for the Nuñezes' alleged failure to comply with Caldarola's discovery requests in the *first* malpractice lawsuit (Cause No. 94–08–3826–A).[8] It is also undisputed that Caldarola was nonsuited in Cause No. 94–08–3826–C on March 18, 1996.

■ We review the issuance of discovery sanctions under an abuse of discretion standard. *United Services Automobile Ass'n v. Thomas,* 893 S.W.2d 628, 629 (Tex.App.—Corpus Christi 1994, writ denied) (citing *Braden v. Downey,* 811 S.W.2d 922 (Tex.1991)). In order to determine whether a trial court has abused its discretion in exercising its inherent powers to impose sanctions, appellate courts make an independent inquiry of the entire record, *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 852 (Tex.1992); *Kutch v. Del Mar College,* 831 S.W.2d 506, 512 (Tex.

App.—Corpus Christi 1992, no writ), and apply the factors enunciated in *Trans-American Natural Gas v. Powell,* 811 S.W.2d 913, 917 (Tex.1991).

Caldarola's motion for discovery sanctions in the present case[9] complains of the Nuñezes' failure to comply with an agreed order issued by Judge Darrell B. Hester in Cause No. 94–08–3826–C on Caldarola's motion to compel the Nuñezes to provide responsive answers to her discovery requests. The record reflects that at the time Caldarola filed her motion for discovery sanctions in the present case, no discovery requests had been served on the Nuñezes.[10] We hold the trial court abused its discretion in awarding sanctions for the Nuñezes' alleged failure to comply with discovery requests in Cause No. 94–08–3826–C. We sustain the Nuñezes' fourth point of error.

Because our resolution of these issues is dispositive, we need not address the Nuñezes' remaining point. *See* TEX.R.APP.P. 47.1.

We reverse the trial court's order granting five hundred dollars in sanctions in favor of Caldarola, and as modified, AFFIRM the judgment of the trial court.

■

---

**8.** After Caldarola's motion to transfer venue was granted, the case was transferred to the 107th District Court in Cameron County, the same court (and judge) that had issued the initial sanctions order, dated March 5, 1996, granting Caldarola $500 in sanctions in the first malpractice case.

**9.** Caldarola's motion was filed December 31, 1996 in Cause No. 96–11–7029A in the 107th District Court in Cameron County.

**10.** *See* TEX.R.CIV.P. 215.2(b) (Vernon Pamph. 1999) ("If a party ... fails to comply with

proper discovery requests or to obey an order to provide or permit discovery, ... *the court in which the action is pending* may, after notice and hearing, make such orders in regard to the failure as are just ...") (emphasis added). Although Texas Rule of Civil Procedure 215.2(b) was applicable at the time the sanctions order was signed, the relevant provisions were unchanged in the current version.