NUMBER 13-98-578-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


LOREN ELLIS
, Appellant,


v.



EDWARDS ABSTRACT & TITLE CO.
, Appellee.

___________________________________________________________________


On appeal from the 92nd District Court


of Hidalgo County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Loren Ellis, the plaintiff in the underlying suit, appeals from the
awarding of a summary judgment in favor of the defendant, Edwards
Abstract & Title Company, Inc, (Edwards) based on limitations. By two
issues, Ellis complains the trial court erred in granting summary
judgment. We affirm.

 Ellis contracted for the purchase of real property containing citrus
trees in 1987. Ellis purchased the property with owner financing. In
connection with the purchase, Edwards performed title closing services
for Ellis. According to Ellis, he told Edwards that he did not wish to
provide insurance coverage on the crops for the benefit of the seller. 
However, the deeds of trust used to secure the notes involved in the
transaction provided that the grantor of the note (i.e., Ellis, the buyer)
was obligated to insure improvements on the property with the grantee
of the note (i.e., the seller) as beneficiary. When Ellis inquired as to why
there was no language relieving him of this requirement, he was
assured by Edwards that an additional paragraph which provided the
seller could only look to the land for satisfaction would ensure he was
not obligated to insure for the benefit of the seller. 

 In 1989, the crops suffered losses due to a freeze and Ellis
collected insurance for the damaged crops. On September 27, 1990,
the seller demanded the insurance proceeds. Ellis refused and the seller
filed suit in state court to recover the proceeds on November 16, 1990. 
The suit was removed to federal court and the seller obtained summary
judgment against Ellis in October of 1992. 

 Ellis brought the underlying suit against Edwards on November 16,
1993, alleging negligence, violations of the DTPA, and intentional
infliction of emotional distress based on Edwards's actions relating to
Ellis's purchase of the real property. Edwards filed a motion for summary
judgment, asserting Ellis's claims were barred by the statute of
limitations. Ellis subsequently amended his pleadings to include a claim
for breach of contract and fraud.(1) The trial court granted summary
judgment in favor of Edwards on all claims.

 By his first issue, Ellis complains summary judgment was improper
because Edwards did not specifically plead limitations in a timely
manner. As Ellis notes, Edwards first included limitations as a defense
in its amended answer five days before the court considered the motion
for summary judgment, and did so without leave of court. 

 Summary judgment is proper only if there is no genuine issue of
material fact and the moving party is entitled to judgment as a matter of
law. See Tex. R. Civ. P. 166a(c); Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548 (Tex. 1985). A party may obtain summary
judgment by conclusively establishing an affirmative defense. See
Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex. 1993). We indulge
every reasonable inference in favor of the non-movant and view evidence
favorable to the non-movant as true in determining whether there is a
genuine issue of material fact. See Nixon, 690 S.W.2d at 548-49. 

 Limitations is an affirmative defense that must be affirmatively
pleaded. See Tex. R. Civ. P. 94. Generally, a party may only amend its
pleadings within seven days of the date of trial with leave of court. See
Tex. R. Civ. P. 63. A summary judgment hearing is considered a "trial" for
purposes of rule 63. See Goswami v. Metropolitan Sav. & Loan Assoc.,
751 S.W.2d 487, 490 (Tex. 1988). We must construe rule 63 liberally;
where the record is silent as to whether the trial court considered the
amended pleading, and there is no showing of surprise or prejudice,
leave of court is presumed. See Lee v. Key West Towers, Inc., 783
S.W.2d 586, 588 (Tex. 1989); Diesel Fuel Injection Serv., Inc. v. Gabourel,
893 S.W.2d 610, 611 (Tex. App.--Corpus Christi 1994, no writ). 

 Edwards filed its first amended answer which affirmatively pleaded
limitations on September 9, 1998. The docket sheet reflects the motion
for summary judgment was submitted on September 14, 1998 and ruled
on and signed September 29, 1998. Assuming the hearing on the
motion was held on September 14, 1998, Edwards filed its amended
pleadings within seven days of the summary judgment proceeding, and
leave of court was necessary. 

 The record does not contain a motion to strike the amended
pleadings, nor does it reflect whether leave of court was requested or
granted. The motion for summary judgment was not granted until
September 29, 1998, and the amended answer was clearly part of the
record when the trial court considered the motion. Because there is no
basis in the record to conclude Edward's amended answer was not
considered by the trial court, and inasmuch as Edwards did not show
surprise or prejudice, we presume leave of court was granted. See Lee,
783 S.W.2d at 588. Therefore, limitations was affirmatively pleaded and
the court did not err in granting summary judgment. Ellis's first issue is
overruled. 

 In his second issue, Ellis contends the trial court erred in granting
summary judgment because limitations was tolled by the pendency of
the suit filed against him by the seller to recover the insurance proceeds. 
Because the underlying suit in this case was filed within two years of the
final judgment in the suit brought by the seller, Ellis maintains it was
brought before the expiration of the statute of limitations.

 Claims for violations of the DTPA, negligence, and intentional
infliction of emotional distress have a two year statute of limitations. See
Tex. Bus. & Com. Code Ann. § 17.565 (Vernon 1987); Tex. Civ. Prac. &
Rem. Code Ann. § 16.003 (Vernon Supp. 2000); Dickson Const., Inc. v.
Fidelity and Deposit Co. of Md., 960 S.W.2d 845, 849 (Tex. App.--Texarkana 1997, no pet.). A plaintiff may toll the statute of limitations
if he affirmatively pleads the discovery rule or that the suit was tolled. 
See Nunez v. Caldarola, 2 S.W.3d 755, 757 (Tex. App.--Corpus Christi
1999, pet. filed).

 Ellis did not plead the discovery rule, but did plead that limitations
were tolled by the pendency of the seller's suit. Thus, Edwards, as the
summary judgment movant, had the burden of: (1) showing when Ellis's
causes of action accrued, and (2) proving the statute of limitations was
not tolled and, as a matter of law, Ellis failed to file suit within the
applicable statute of limitations. See Nunez, 2 S.W.3d at 757. When the
movant establishes that the statute of limitations bars the action as a
matter of law, the nonmovant must then provide summary judgment
proof raising a fact issue in avoidance of the statute of limitations. See
KPMG Peat Marwick v. Harrison County Housing Finance Corp., 988
S.W.2d 746, 748 (Tex. 1999); Nunez, 2 S.W.3d at 757.

 In its motion for summary judgment, Edwards asserted Ellis's
causes of action accrued when it performed the closing services for Ellis
in 1987, or alternatively, by 1990, when the seller commenced litigation
to recover the insurance proceeds. The question of when a cause of
action accrues is a question of law for the court. See Moreno v. Sterling
Drug, 787 S.W.2d 348, 351 (Tex. 1990). A cause of action accrues, and
the statute of limitations commences to run, when facts come into
existence that allow a claimant to seek a judicial remedy. See Johnson
& Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 514
(Tex. 1998). This generally occurs when a wrongful act causes a legal
injury even if the injury is not discovered until later and all the damages
have not occurred. See S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996). 

 Under the discovery rule, however, a cause of action does not
accrue until the plaintiff knew or in the exercise of reasonable diligence,
should have known of the wrongful act and resulting injury. See id. The
discovery rule applies when "the nature of the injury is inherently
undiscoverable and the evidence of injury is objectively verifiable." HEC
Exploration Co. v. Neel, 982 S.W.2d 881, 886 (Tex. 1999).

 A cause of action complaining about professional advice is often
inherently undiscoverable and may trigger the discovery rule "because of
the difficulty a lay person has in knowing of the fault in the advice." 
Murphy v. Campbell, 964 S.W.2d 265, 270 (Tex. 1997); see also
Thomson v. Espey Huston & Assocs., Inc., 899 S.W.2d 415, 423 (Tex.
App.­Austin 1995, no writ) (negligence in performance of engineering
services was inherently undiscoverable). Ellis's claim in this case is
based on closing services provided in a real estate transaction. Because
a lay person would have difficulty in recognizing fault in the performance
of these services, we conclude the injury is inherently undiscoverable. 
See Murphy, 964 S.W.2d at 270. Moreover, the seller prevailed in a suit
against Ellis; thus, the injury flowing from the closing services is
objectively verifiable. See id. at 271. Consequently, the discovery rule
was applicable to Ellis's causes of action. 

 A cause of action accrues under the discovery rule when a claimant
should know of his injury, not when the injury becomes certain. See
Murphy, 964 S.W.2d at 271 (cause of action based on tax advice accrued
when IRS issued a deficiency notice, and not when litigation in tax court
concluded); Zidwell v. Bird, 692 S.W.2d 550, 556-57 (Tex. App.­Austin
1985, no writ) (cause of action accrues when there is risk of harm, not
when harm is finally established). In the present case, Ellis's causes of
action did not accrue on the date of the final judgment in the seller's suit. 
Rather, Ellis discovered or should have discovered he could be required
to pay the insurance proceeds to the seller either when he received the
demand letter from them on September 27, 1990, or when the seller filed
suit on November 16, 1990. Therefore, the applicable two year statutes
of limitations expired no later than November 16, 1992. Because Ellis
filed suit on November 16, 1993, one year beyond this date, limitations
barred his claims for negligence, DTPA, and intentional infliction of
emotional distress. 

 Our inquiry, however, does not end there. We must determine
whether the statute of limitations was tolled. Ellis asserts the suit
brought by the seller to recover the insurance proceeds tolled limitations
in the underlying suit in this case because, if he had filed the underlying
suit during the pendency of the seller's suit, he would have been forced
to make inconsistent arguments. That is, he would have had to argue
the contract did not require him to insure the crops for the benefit of the
seller in the suit filed by the seller, while maintaining the contract did so
provide in the underlying suit against Ellis. Ellis observes that limitations
is tolled where a litigant would be forced to assume conflicting positions
in two contemporaneous suits, citing Hughes v. Mahaney & Higgins, 821
S.W.2d 154, 156-57 (Tex. 1991),. The supreme court, however, has
expressly limited Hughes to attorney malpractice claims. See Murphy,
964 S.W.2d at 272 (Hughes does not hold limitations is tolled whenever
litigant is forced to take inconsistent positions, but is limited to attorney
malpractice actions that would "require the client to file a malpractice
claim against the lawyer representing him in another case[,] [which]
would necessarily make it virtually impossible for the lawyer to continue
his representation"). 

 Ellis further contends limitations was tolled because he was
precluded from exercising a legal remedy by the pendency of the seller's
suit, and cites a string of cases in support thereof.(2) Ellis argues he was
precluded from filing the underlying suit because he had no cause of
action against Edwards until the court determined Ellis was liable to the
seller for the insurance proceeds. We have already observed that Ellis's
causes of action accrued by the seller's filing of the lawsuit to recover the
insurance proceeds. Thus, Ellis was not forced to wait for a final
disposition before bringing the underlying suit. 

 In addition, having to assume inconsistent contentions in two
contemporaneous lawsuits is not commensurate with preclusion from
exercising a legal remedy. Cf. Murphy, 964 S.W.2d at 272. The cases
cited by Ellis deal largely with legal impediments to litigation such as an
injunction or a bankruptcy stay. See e.g., Cavitt v. Amsler, 242 S.W.
246, 249 (Tex. Civ. App.­Austin 1922, writ dism'd w.o.j.) (suit prevented
by injunction); Peterson v. Texas Commerce Bank-Austin, N.A., 844
S.W.2d 291, 293-94 (Tex. App.­Austin 1992, no writ) (litigation
prevented by bankruptcy stay). There was no such legal impediment
preventing Ellis from suing Edwards during the pendency of the seller's
suit. Moreover, the supreme court in Murphy noted that "[a]lthough
prosecuting both the tax suit and the malpractice suit at the same time
would have required plaintiffs to take inconsistent positions, they could
have avoided this by requesting the court to abate the malpractice case
pending resolution of the tax suit." Murphy, 964 S.W.2d at 272. 

 As in Murphy, Ellis was not precluded from filing his suit against
Edwards during the pendency of the litigation between him and the
seller. Although he might have been required to take inconsistent
positions, he could have requested the court to abate the underlying suit
in this case pending resolution of the suit filed by the seller. See id.; Hunt
Steed v. Steed, 908 S.W.2d 581, 585 (Tex. App.­Fort Worth 1995, writ
denied). As such, the suit brought against Ellis by the seller did not toll
the statute of limitations in the underlying suit.

 Finally, we address Ellis's claims of fraud and breach of contract,
which were added in his second and third amended petitions. These
claims are subject to a four year statute of limitations. See Tex. Civ. Prac.
& Rem. Code Ann. § 16.004(a)(3), (4) (Vernon Supp. 2000); Perez v.
Gulley, 829 S.W.2d 388, 390 (Tex. App.--Corpus Christi 1992, writ
denied). Ellis raised these claims for the first time in 1998, approximately
eight years after the seller filed suit to recover the insurance proceeds. 
As such, Ellis's claims for fraud and breach of contract were barred by
limitations. However, an amended pleading relates back to the date of
original filing if: (1) the causes of action asserted in the original petition
were not barred by limitations when the original petition was filed; and
(2) the amended pleading must not be entirely based on a novel
transaction or occurrence.(3) See Tex. Civ. Prac. & Rem. Code Ann. §
16.068 (Vernon 1997); Pineda v. PMI Mortgage Ins. Co., 843 S.W.2d
660, 667-78 (Tex. App.­Corpus Christi 1992), writ denied per curiam,
851 S.W.2d 191 (Tex. 1993); Tippit v. Tippit, 865 S.W.2d 624, 627 (Tex.
App.­Waco 1993, no writ). Because the causes of action in the original
petition were barred by limitations, the doctrine of relation-back is
inapplicable, and Ellis's claims for fraud and breach of contract were
therefore barred by the statute of limitations. 

 We hold that there was no genuine issue of material fact with
respect to the tolling arguments asserted by Ellis, and that Edwards is
entitled to judgment as a matter of law on the grounds that Ellis's claims
for negligence, violations of the DTPA, intentional infliction of emotional
distress, fraud, and breach of contract were barred by the statute of
limitations. Ellis's second issue is overruled.

 The judgment of the trial court is AFFIRMED.

 Nelda V. Rodriguez

 Justice

Do not publish.

Tex. R. App. P. 47.3.


Delivered and filed this the 

11th day of May, 2000.


1. Edwards asserted these claims were barred by the statute of
limitations in his reply to Ellis's response to the motion for summary
judgment. The reply was filed prior to the trial court's awarding of
summary judgment and was properly before the court for its
consideration. See Tex. R. Civ. P. 166a(c); A.W. Wright & Assoc., P.C.
v. Glover, Anderson, Chandler & Uzick, L.L.P., 993 S.W.2d 466, 473
(Tex. App.--Houston [14th Dist.] 1999, pet. denied). Edwards did not
raise a new defensive theory in his reply brief; thus, there is no issue
that Ellis lacked the notice of the limitations defense as to his claims for
fraud and breach of contract. See Tex. R. Civ. P. 166a(c); Sanders v.
Capitol Area Council, 930 S.W.2d 905, 911 (Tex. App.--Austin 1996, no
writ). Rather, Edwards extended its limitations defense as set forth in
its motion for summary judgment to the new causes of action raised in
Ellis's second and third amended petitions. 
2. See Peterson v. Texas Commerce Bank-Austin, National Assoc.,
844 S.W.2d 291, 294 (Tex. App.­Austin 1992, no writ); Walker v.
Hanes, 570 S.W.2d 534, 540 (Tex. Civ. App.­Corpus Christi 1978, writ
ref'd n.r.e.); Doneghy v. State, 334 S.W.2d 506, 509 (Tex. Civ.
App.­Amarillo 1960, writ ref'd n.r.e); Cavitt v. Amsler, 242 S.W.2d 246,
247-48 (Tex. Civ. App.­Austin 1922, writ dism'd w.o.j.). These cases
explain that when a person is precluded from exercising a legal remedy
because of the pendency of legal proceedings, the time during which he
is so precluded should not count towards limitations. 
3. This is referred to as the doctrine of "relation-back." See Tex. Civ.
Prac. & Rem Code Ann. § 16.068 (Vernon 1997).