NUMBER 13-97-184-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


SERAFIN NUÑEZ AND PAULINA NUÑEZ, Appellants,


v.

GAYLE CALDAROLA, Appellee.

___________________________________________________________________


On appeal from the 107th District Court of Cameron County, Texas.

__________________________________________________________________


OPINION ON REMAND

Before Justices Hinojosa, Yañez, and Kennedy (1)

Opinion by Justice Yañez


In this legal malpractice case, appellants Serafin and Paulina Nuñez ("the Nuñezes"), appeal a summary judgment granted
in favor of appellee, Gayle Caldarola. In four points of error, appellants contend the trial court erred in: (1) granting
summary judgment on the basis of limitations; (2) taking judicial notice of documents in other causes; (3) granting
appellee's motion to transfer venue; and (4) granting monetary sanctions against appellants. In our original opinion in this
case, issued on September 30, 1999, we reversed the trial court's order granting sanctions in favor of Caldarola, and as
modified, affirmed the judgment. See Nuñez v. Caldarola, 2 S.W.3d 755 (Tex. App.-Corpus Christi 1999), vacated, No.
99-1075, 2001 Tex. LEXIS 32, Tex. Sup. Ct. J. 662 (Tex. 2001). The Texas Supreme Court vacated our judgment and
remanded the cause to us for reconsideration in light of that court's recent decision in Apex Towing Co. v. Tolin, 41 S.W.3d
118 (Tex. 2001). We reverse and remand to the trial court for further proceedings consistent with this opinion and the
supreme court's opinion in Apex Towing. See Apex Towing, 41 S.W.3d at 120-23. 

Factual and Procedural History 

On September 10, 1990, Serafin Nuñez sustained injuries as a result of a welding accident involving a gasoline tank
explosion. On September 14, 1990, the Nuñezes hired the Law Offices of Frank Herrera to represent them in a potential
lawsuit arising from the accident. On August 18, 1992, a few weeks before limitations expired, they hired Caldarola to
represent them in their claims and signed a contingent fee agreement with her. On September 9, 1992, Caldarola filed suit
("the underlying lawsuit") against five defendants, including the company Nuñez worked for when the accident occurred, (2)

the company's owners, another company (mistakenly believed to be the retailer of the welder), and the manufacturer of the
welder. Caldarola did not sue the owner of the gasoline tank. According to Caldarola, she hired an expert, who told her the
welder was not defective, and she non-suited the manufacturer of the welder with prejudice in March of 1993. By a letter
dated April 4, 1993, Nuñez notified Caldarola that he was firing her and hiring a new attorney. The Nuñezes then filed suit
in Cameron County, alleging legal malpractice against Caldarola, Herrera, and one of Herrera's associates. (3) On the first
day of the Cameron County trial, March 18, 1996, the Nuñezes non-suited Caldarola without prejudice.

A few days later, on March 21, 1996, the Nuñezes filed the present malpractice suit against Caldarola in Bexar County. (4)
Caldarola moved to transfer venue to Cameron County, and the trial court granted the motion. (5) Following the transfer,
Caldarola moved for summary judgment on the ground that the Nuñezes' claims were barred by limitations. She argued any
cause of action for alleged malpractice accrued, at the latest, on April 4, 1993, the date her representation in the underlying
suit ceased. Because the Nuñezes' lawsuit was filed on March 21, 1996, it was barred by limitations. The Nuñezes argued
that under the tolling provision discussed in Hughes v. Mahaney & Higgins, 821 S.W.2d 154 (Tex. 1991), limitations were
tolled during the pendency of the underlying suit. The trial court granted Caldarola's motion, and this appeal followed. 

Summary Judgment Standard of Review 

When a defendant moves for summary judgment based on the affirmative defense of limitations, she assumes the burden of
showing as a matter of law that the suit is barred by limitations. KPMG Peat Marwick v. HCH, 988 S.W.2d 746, 748 (Tex.
1999); Ponder v. Brice & Mankoff, 889 S.W.2d 637, 641 (Tex. App.--Houston [14th Dist.] 1994, writ denied). Specifically,
the movant must: (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies
and has been pleaded or otherwise raised, by proving as a matter of law there is no genuine issue of fact concerning when
the plaintiff discovered or should have discovered the nature of its injury. KPMG Peat Marwick, 988 S.W.2d at 748; Burns
v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990).

A claim of legal malpractice has a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon
Supp. 2001); Apex, 41 S.W.3d at 120. A plaintiff may toll the statute of limitations if he affirmatively pleads either: (1) the
discovery rule, which provides that the statute does not begin to run until the claimant discovers or should have discovered
the facts that establish the elements of the claim; or (2) the Hughes rule, (6) which states that the statute does not begin to run
until all appeals on the underlying claim are exhausted. Apex, 41 S.W.3d at 120-21. 

Generally a legal malpractice cause of action accrues when the client sustains a "legal injury" or in cases governed by the
discovery rule, when the client discovers or should have discovered she had a cause of action. Id. However, when an
attorney allegedly commits malpractice while providing legal services in the prosecution or defense of a claim that results
in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the
underlying claim are exhausted or the litigation is otherwise finally concluded. Hughes, 821 S.W.2d at 156. This holding
was recently reaffirmed by the supreme court in Apex. Apex, 41 S.W.3d at 122-23. 

In Apex, the plaintiffs in the malpractice action, like the Nuñezes, challenged the granting of summary judgment on the
basis of limitations on the ground that the Hughes rule tolled limitations while appeal of the malpractice claim was
pending. Id. at 119. In our original opinion in this case, we relied on Murphy v. Campbell, 964 S.W.2d 265 (Tex. 1997),
and held the Hughes rule inapplicable in a legal malpractice case where a plaintiff has fired his attorney and hired new
counsel to represent him. Nuñez, 2 S.W.3d at 759. The supreme court, however, in Apex, expressly rejected the argument
that continued representation by an allegedly malpracticing attorney is a requirement for application of the Hughes rule.
Apex, 41 S.W.3d at 121. (7) Rather, the court endorsed the "bright-line" rule of applying the Hughes tolling rule to legal
malpractice claims. Id. at 122. Accordingly, we address the Nuñezes' claims in light of the supreme court's holding. 

Application of the Hughes rule to the present case tolls limitations until all appeals in the underlying cases are exhausted or
the litigation is otherwise concluded. See id. at 119. As the summary judgment movant, Caldarola had the burden of
establishing that the underlying litigation has been concluded. However, Caldarola contends on appeal only that "the
underlying case is not being pursued" and has been inactive since 1993. At the hearing on the motion for summary
judgment, Caldarola's counsel advised the court that one of the underlying cases had been dismissed for want of
prosecution and requested the court to take judicial notice of documents on file in the underlying causes. The Nuñezes'
counsel argued that the underlying causes remain pending and that Caldarola's summary judgment evidence failed to
establish that the cases have been dismissed or otherwise concluded. After reviewing the record, we conclude that the
summary judgment evidence fails to establish that the underlying causes have been concluded. Accordingly, we hold
limitations were tolled and the trial court erred in granting summary judgment on the basis of limitations. We sustain the
Nuñezes' first point of error. 

We REVERSE the trial court's judgment and REMAND this cause for further proceedings consistent with this opinion. 

Because our decision regarding the Nuñezes' first point is dispositive, we need not address the remaining points. See Tex.
R. App. P. 47.1.



 

LINDA REYNA YAÑEZ

Justice


Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

23rd day of August, 2001.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. It is unclear whether Nuñez's employer was included in the initial suit or sued separately. Whether the defendants were
sued in one or several lawsuits has no bearing on this appeal. "Underlying lawsuit" refers, therefore, to one or more
lawsuits filed by the Nuñezes regarding their underlying claims. 

3. The Nuñezes' first malpractice lawsuit was designated as Cause No. 94-08-3826-C. Caldarola's co-defendants from the
first malpractice lawsuit are not involved in this appeal. 


4. The present lawsuit was initially filed in the 166th District Court in Bexar County as Cause No. 96-CI-04164. Caldarola
was not served until July 22, 1996. 

5. Following transfer to the 107th District Court in Cameron County, the lawsuit was designated as Cause No.
96-11-7029-A. 

6. Hughes v. Mahaney & Higgins, 821 S.W.2d 154, 157 (Tex. 1991).

7. In Apex, the supreme court argued that "a close reading of Murphy does not support the conclusion that we modified the
Hughes rule in that case." Apex Towing Co. v. Tolin, 41 S.W.3d 118, 121 (Tex. 2000).