Serafin NUÑEZ and Paulina
Nuñez, Appellants,

v.

Gayle CALDAROLA, Appellee.

No. 13–97–184–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 23, 2001.

Rehearing Overruled Oct. 11, 2001.

Andrew M. Greenwell, James R. Harris, Harris & Greenwell, Corpus Christi, for Appellants.

Ronald B. Brin, Linda C. Breck, Thomas F. Nye, Brin & Brin, Corpus Christi, Gil-

berto Hinojosa, Magallanes, Hinojosa & Mancias, Brownsville, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and KENNEDY.[1]

## OPINION ON REMAND

Opinion by Justice YAÑEZ.

In this legal malpractice case, appellants Serafin and Paulina Nuñez ("the Nuñezes"), appeal a summary judgment granted in favor of appellee, Gayle Caldarola. In four points of error, appellants contend the trial court erred in: (1) granting summary judgment on the basis of limitations; (2) taking judicial notice of documents in other causes; (3) granting appellee's motion to transfer venue; and (4) granting monetary sanctions against appellants. In our original opinion in this case, issued on September 30, 1999, we reversed the trial court's order granting sanctions in favor of Caldarola, and as modified, affirmed the judgment. *See Nunez v. Caldarola,* 2 S.W.3d 755 (Tex. App.—Corpus Christi 1999), *vacated,* 48 S.W.3d 174 (Tex.2001). The Texas Supreme Court vacated our judgment and remanded the cause to us for reconsideration in light of that court's recent decision in *Apex Towing Co. v. Tolin,* 41 S.W.3d 118 (Tex.2001). We reverse and remand to the trial court for further proceedings consistent with this opinion and the supreme court's opinion in *Apex Towing. See Apex Towing,* 41 S.W.3d at 120–23.

### Factual and Procedural History

On September 10, 1990, Serafin Nuñez sustained injuries as a result of a welding accident involving a gasoline tank explosion. On September 14, 1990, the Nuñezes hired the Law Offices of Frank Herrera to represent them in a potential lawsuit arising from the accident. On August 18, 1992, a few weeks before limitations expired, they hired Caldarola to represent them in their claims and signed a contingent fee agreement with her. On September 9, 1992, Caldarola filed suit ("the underlying lawsuit") against five defendants, including the company Nuñez worked for when the accident occurred,[2] the company's owners, another company (mistakenly believed to be the retailer of the welder), and the manufacturer of the welder. Caldarola did not sue the owner of the gasoline tank. According to Caldarola, she hired an expert, who told her the welder was not defective, and she non-suited the manufacturer of the welder with prejudice in March of 1993. By a letter dated April 4, 1993, Nuñez notified Caldarola that he was firing her and hiring a new attorney. The Nuñezes then filed suit in Cameron County, alleging legal malpractice against Caldarola, Herrera, and one of Herrera's associates.[3] On the first day of the Cameron County trial, March 18, 1996, the Nuñezes non-suited Caldarola without prejudice.

A few days later, on March 21, 1996, the Nuñezes filed the present malpractice suit against Caldarola in Bexar County.[4] Cal-

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. It is unclear whether Nuñez's employer was included in the initial suit or sued separately. Whether the defendants were sued in one or several lawsuits has no bearing on this appeal. "Underlying lawsuit" refers, therefore, to one or more lawsuits filed by the Nuñezes regarding their underlying claims.

3. The Nuñezes' first malpractice lawsuit was designated as Cause No. 94–08–3826–C. Caldarola's co-defendants from the first malpractice lawsuit are not involved in this appeal.

4. The present lawsuit was initially filed in the 166th District Court in Bexar County as Cause No. 96–CI–04164. Caldarola was not served until July 22, 1996.

darola moved to transfer venue to Cameron County, and the trial court granted the motion.[5] Following the transfer, Caldarola moved for summary judgment on the ground that the Nuñezes' claims were barred by limitations. She argued any cause of action for alleged malpractice accrued, at the latest, on April 4, 1993, the date her representation in the underlying suit ceased. Because the Nuñezes' lawsuit was filed on March 21, 1996, it was barred by limitations. The Nuñezes argued that under the tolling provision discussed in *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex.1991), limitations were tolled during the pendency of the underlying suit. The trial court granted Caldarola's motion, and this appeal followed.

### Summary Judgment Standard of Review

When a defendant moves for summary judgment based on the affirmative defense of limitations, she assumes the burden of showing as a matter of law that the suit is barred by limitations. *KPMG Peat Marwick v. HCH Finance Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *Ponder v. Brice & Mankoff*, 889 S.W.2d 637, 641 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Specifically, the movant must: (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law there is no genuine issue of fact concerning when the plaintiff discovered or should have discovered the nature of its injury. *KPMG Peat Marwick*, 988 S.W.2d at 748; *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990).

A claim of legal malpractice has a two-year statute of limitations. Tex.Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon

Supp.2001); *Apex*, 41 S.W.3d at 120. A plaintiff may toll the statute of limitations if he affirmatively pleads either: (1) the discovery rule, which provides that the statute does not begin to run until the claimant discovers or should have discovered the facts that establish the elements of the claim; or (2) the *Hughes* rule,[6] which states that the statute does not begin to run until all appeals on the underlying claim are exhausted. *Apex*, 41 S.W.3d at 120–21.

Generally a legal malpractice cause of action accrues when the client sustains a "legal injury" or in cases governed by the discovery rule, when the client discovers or should have discovered she had a cause of action. *Id.* However, when an attorney allegedly commits malpractice while providing legal services in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted or the litigation is otherwise finally concluded. *Hughes*, 821 S.W.2d at 156. This holding was recently reaffirmed by the supreme court in *Apex*. *Apex*, 41 S.W.3d at 122–23.

In *Apex*, the plaintiffs in the malpractice action, like the Nuñezes, challenged the granting of summary judgment on the basis of limitations on the ground that the *Hughes* rule tolled limitations while appeal of the malpractice claim was pending. *Id.* at 119. In our original opinion in this case, we relied on *Murphy v. Campbell*, 964 S.W.2d 265 (Tex.1997), and held the *Hughes* rule inapplicable in a legal malpractice case where a plaintiff has fired his attorney and hired new counsel to represent him. *Nunez*, 2 S.W.3d at 759. The supreme court, however, in *Apex*, express-

---

5. Following transfer to the 107th District Court in Cameron County, the lawsuit was designated as Cause No. 96–11–7029–A.

6. *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154, 157 (Tex.1991).

ly rejected the argument that continued representation by an allegedly malpracticing attorney is a requirement for application of the *Hughes* rule. *Apex*, 41 S.W.3d at 121.[7] Rather, the court endorsed the "bright-line" rule of applying the *Hughes* tolling rule to legal malpractice claims. *Id.* at 122. Accordingly, we address the Nuñezes' claims in light of the supreme court's holding.

 Application of the *Hughes* rule to the present case tolls limitations until all appeals in the underlying cases are exhausted or the litigation is otherwise concluded. *See id.* at 119. As the summary judgment movant, Caldarola had the burden of establishing that the underlying litigation has been concluded. However, Caldarola contends on appeal only that "the underlying case is not being pursued" and has been inactive since 1993. At the hearing on the motion for summary judgment, Caldarola's counsel advised the court that one of the underlying cases had been dismissed for want of prosecution and requested the court to take judicial notice of documents on file in the underlying causes. The Nuñezes' counsel argued that the underlying causes remain pending and that Caldarola's summary judgment evidence failed to establish that the cases have been dismissed or otherwise concluded. After reviewing the record, we conclude that the summary judgment evidence fails to establish that the underlying causes have been concluded. Accordingly, we hold limitations were tolled and the trial court erred in granting summary judgment on the basis of limitations. We sustain the Nuñezes' first point of error.

We REVERSE the trial court's judgment and REMAND this cause for further proceedings consistent with this opinion.

Because our decision regarding the Nuñezes' first point is dispositive, we need not address the remaining points. *See* Tex.R.App.P. 47.1.

---

**7.** In Apex, the supreme court argued that "a close reading of *Murphy* does not support the conclusion that we modified the *Hughes* rule in that case." *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 121 (Tex.2000).