168 S.W.3d 288 (2005)
Karen Brock MURPHY, Amelia Brock Banner, and Jody Brock Irwin, Individually and as Co-independent Executors of the Estate of Doris Berglund Brock, Deceased and as Co-trustees of The Joe & Doris Brock Family Trust and The Brock Children's Trust, and MBI Management Company, Inc., as General Partner of MBI Investments, Ltd. and MBI Resources, Ltd., Appellants,
v.
MULLIN, HOARD & BROWN, L.L.P., John F. Howell, III, John M. Brown, Cowles & Thompson, P.C., Kane, Russell, Coleman & Logan, P.C., and William E. Elliott, Appellees.
No. 05-04-00433-CV.
Court of Appeals of Texas, Dallas.
June 30, 2005.
*289 George Whittenburg, Whittenburg Whittenburg Schachter & Harris, P.C., C. Jared Knight, Amarillo, for appellants.
Robert F. Begert, Joann N. Wilkins, Burford & Ryburn, L.L.P., Alan S. Loewinsohn, Loewinsohn & Flegle, L.L.P., Dallas, for appellees.
Before Justices WRIGHT, MOSELEY, and LANG.

OPINION
Opinion by Justice WRIGHT.
In this legal malpractice case, appellants appeal the trial court's take nothing summary judgment in favor of appellees.[1] In *290 five issues, appellants generally contend the trial court erred by granting appellees' motions for summary judgment because it (1) improperly applied the discovery rule, (2) failed to apply the Hughes[2] tolling rule, (3) erred in concluding limitations had run as to Kane, Russell, Coleman & Logan (KRCL) and William Elliott because, even assuming the trial court correctly applied the discovery and Hughes rules, KRCL and Elliott committed malpractice and breached their fiduciary duty to appellants within the limitations period, and (4) failed to grant appellants' motion for continuance. We overrule appellants' issues and affirm the trial court's judgment.

Background
In 1994, appellants and their mother, Doris Brock, retained Mullin, Hoard, & Brown, L.L.P. (MHB), John F. Howell, III, and John M. Brown to draft agreements to form two family limited partnerships in an effort to reduce their estate and inheritance tax liability. MHB, Howell, and Brown drafted agreements that formed MBI Investments, Ltd. and MBI Resources, Ltd., with MBI Management Company, Inc. being the general partner for both entities. After Doris Brock died, appellants consulted with Jerry C. Wilson, an accountant and the accounting firm of Chambless, Wilson, & Ruff, as well as Elliott, Cowles & Thompson, and KRCL regarding the preparation and filing of the estate tax return.[3]
On September 3, 1997, John Connell, an Internal Revenue Service attorney, sent a letter to Wilson stating that it could not agree with the valuations of the family limited partnerships as stated in the tax return. The letter contained six reasons why it did not agree to the valuations, including that "control exercised by the decedent over the assets did not change as a result of the formation of the partnerships [and] the decedent continued to make all decisions regarding the assets...." On June 25, 1998, the IRS served appellants with a notice of deficiency regarding the estate. According to the IRS, the taxable estate was significantly increased in value, resulting in a tax deficiency of $3,388,233.
In August 1998, Elliott wrote a memorandum advising appellants of the IRS's position that the family limited partnerships should be disregarded. In September 1998, Karen Brock Murphy filed a petition in tax court. That case was handled by William R. Cousins, III. The tax case settled and on July 28, 2000, a judgment was entered on the settlement.
Appellants filed this suit on March 7, 2002, alleging appellees negligently drafted or reviewed the family limited partnership agreements and failed to timely notify appellants of the defects in the agreements. MHB, Howell, and Brown filed a motion for summary judgment, contending appellants' claims against them were barred by limitations. Likewise, Cowles & Thompson and KRCL and Elliott filed motions for summary judgment based on limitations. Appellants responded to these motions arguing the discovery rule applied and their claims were not barred by limitations because nothing in the September 3, 1997 Connell letter, the IRS notice of deficiency, or the Elliott memorandum would have put a reasonably prudent, non-lawyer taxpayer on notice of her claims. According to appellants, their claims did not accrue *291 until early May 2000, when Cousins informed appellants of the defects in the family limited partnership agreements. Appellants also argued that their claims were tolled under the Hughes rule until July 28, 2000 when their tax case was resolved.
After considering the motions, appellants' response, and the summary judgment evidence, the trial court granted the motions for summary judgment and entered a take-nothing judgment on appellants' claims. This appeal followed.[4]

Discussion
We review motions for summary judgment using well-known standards. See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.1985). When, as here, a defendant moves for summary judgment based on the affirmative defense of limitations, the defendant assumes the burden of showing as a matter of law that the suit is barred by limitations. Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 80-81 (Tex.1989); Parsons v. Turley, 109 S.W.3d 804, 807 (Tex.App.-Dallas 2003, pet. denied) (op. on remand). The defendant must (1) conclusively prove when the cause of action accrued, and (2) if raised, negate the discovery rule, by proving there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence, should have discovered the nature of its injury. Burns v. Thomas, 786 S.W.2d 266, 267 (Tex.1990). In addition to the discovery rule delaying accrual of the cause of action, the Hughes rule provides that, in certain types of legal malpractice actions, the statute of limitations may be tolled until the malpractice litigation is final. Apex Towing Co. v. Tolin, 41 S.W.3d 118, 119 (Tex.2001). As with the discovery rule, the defendant moving for summary judgment bears the burden of showing that the Hughes rule has not tolled limitations. See Nunez v. Caldarola, 56 S.W.3d 812, 815 (Tex.App.-Corpus Christi 2001, no pet.).
As a legal malpractice action, appellants' suit has a two-year statute of limitations. Apex, 41 S.W.3d at 120. In this case, there is no dispute that appellants filed suit more than two years after (1) the family limited partnerships were formed, (2) the estate taxes were filed, and (3) the notice of deficiency from the IRS was given. We must determine whether, as appellants claim, the discovery rule delayed accrual of appellants' malpractice claims, and whether the Hughes rule operated to toll limitations. We begin with the first of these determinations, i.e., whether the discovery rule operated to delay accrual of appellants' malpractice claims to within two years of the date they filed suit. After reviewing the record in this case, we conclude it did not.
A person suffers injury from faulty professional advice when the advice is taken. Murphy v. Campbell, 964 S.W.2d 265, 271 (Tex.1997). Because it is unrealistic to expect a lay client to have the legal acumen to perceive the negligence of his attorney in giving faulty tax advice, and because the injury flowing from faulty tax advice is objectively verifiable, the discovery rule applies and such a claim accrues when the claimant knows or in the exercise of ordinary diligence should know of the wrongful act and resulting injury. Id. at 271. In a faulty tax advice case, this cannot occur later than the receipt of the deficiency notice, when the IRS takes a final, formal position. Id. *292 Here, the deficiency notice on June 25, 1998 was the latest date on which appellants' claims accrued. See id. Because they did not file suit until March 7, 2002, their claims are barred.
In reaching this conclusion, we necessarily reject appellants' argument that Murphy is inapplicable because in that case, the notice of deficiency was more specific and "it was no surprise to the plaintiffs upon what basis the IRS made its complaint." According to appellants, they did not have notice of the defects in the partnership agreements until May 2000, when an IRS attorney spoke with Cousins alerting him to the "fatal flaw" in the partnership agreements. We disagree.
In September 1997, the IRS informed appellants that it was questioning the valuations of the family limited partnerships because, in part, the "control exercised by the decedent over the assets did not change as a result of the formation of the partnerships [and] the decedent continued to make all decisions regarding the assets. . . ." Later, in its June 25, 1998 deficiency notice, the IRS stated it had determined the value for federal estate tax purposes of MBI Resources, Ltd. and MBI Investments, Ltd. was significantly increased. The deficiency notice showed the revaluation of the family limited partnerships and the calculated deficiency. The crux of appellants' case is that appellees wrongly advised them regarding the tax benefits of the family limited partnerships. Thus, contrary to appellants' assertion, we conclude that after receiving the deficiency notice, appellants knew or should have known that appellees' negligence in drafting and/or reviewing the agreements forming the limited family partnerships, if any, had caused them the risk of concrete and specific harm to their legally protected economic interests. See Hoover v. Gregory, 835 S.W.2d 668, 674 (Tex.App.-Dallas 1992, writ denied) (notices informed appellants had been disallowed and the IRS considered certain "shams entered into for tax avoidance purposes"); Ponder v. Brice & Mankoff, 889 S.W.2d 637, 643 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (crux of appellant's case was that tax attorney wrongly advised him regarding partnership deductions, and appellant was aware on date of notice of adjustment he might be subject to certain tax liabilities, even though attorney's opinion was to the contrary). We overrule appellant's second issue.
Appellants next argue the trial court erred by granting appellees' motions for summary judgment because it failed to apply the Hughes tolling rule. In Hughes, the supreme court established a "bright-line rule" that tolls the statute of limitations when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation until all appeals on the underlying claim are exhausted. Hughes, 821 S.W.2d at 156. Although one of the policy considerations behind this rule is to prevent a litigant from being forced to take inconsistent positions, it is not so broad as to apply whenever that would be the case. Murphy, 964 S.W.2d at 272. Rather, the rule is expressly limited to cases encompassed within the definition of "attorney malpractice in the prosecution or defense of a claim that results in litigation." Apex, 41 S.W.3d at 121-22. Although we recognize that the citations contained in Apex create some ambiguity regarding application of the Hughes rule to cases arising from transactional work, we are persuaded by the Houston First Court of Appeals's analysis of Hughes, Murphy, and Apex and agree that alleged attorney malpractice claims based on transactional work are not tolled under the Hughes rule. See Vacek Group, Inc. v. *293 Clark, 95 S.W.3d 439, 444-47 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Because the negligent drafting and/or review of the agreements creating the family limited partnerships, if any, is not attorney malpractice committed during "the prosecution or defense of a claim that results in litigation," the alleged malpractice in this case is not within a category of legal malpractice cases encompassed within the Hughes definition, and, thus, the Hughes rule does not apply. See id. We overrule appellants' third issue.
In their fourth issue, appellants contend that even if the trial court correctly determined that the statute of limitations has run against Howell, Brown, and MHB, the trial court incorrectly determined that limitations has run with respect to KRCL and Elliott because they committed malpractice within the limitations period by failing to inform appellants of the defects in the family limited partnerships and by actively downplaying the importance of the notice of deficiency. In a single paragraph, and without citation to any authority, appellants maintain that "appellees had a continuing duty to disclose or correct the above information . . . until appellants in fact discovered their claims against Howell, Brown, and MHB."
Rule 38 of the rules of appellate procedure provides that a brief to this Court shall contain, among other things, a clear, concise argument for the contentions made with appropriate citations to authority and to the record. See Tex.R.App. P. 38.1; Kang v. Hyundai Corp. (U.S.A.), 992 S.W.2d 499, 503 (Tex.App.-Dallas 1999, no pet.). Bare assertions of error, without citations to authority, are insufficient to preserve error for our review. See Thedford v. Union Oil Co., 3 S.W.3d 609, 616 (Tex.App.-Dallas 1999, pet. denied); Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 486 (Tex.App.-Dallas 1995, writ denied); see also Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.1994) (appellate court has discretion to waive points of error due to inadequate briefing). Because appellants have not provided any meaningful argument in support of their assertions that a different date of accrual applies to KRCL and Elliott, and because appellants have failed to cite to any authority in support of their bare assertion of error, we conclude appellants have inadequately briefed this issue and have, therefore, failed to preserve error, if any, for our review. See Thedford, 3 S.W.3d at 616; Kang, 992 S.W.2d at 503.
Similarly, under their fifth issue, appellants' argument regarding the trial court's error in failing to grant their motion for continuance is contained in three sentences. Their briefing under this issue does not contain a single citation to the record or to authority. Nor does it contain any application of the facts of this case to the applicable law. Thus, as under their fourth issue, we conclude the argument under their fifth issue is inadequately briefed and presents nothing for our review. See Thedford, 3 S.W.3d at 616; Kang, 992 S.W.2d at 503.
Accordingly, we affirm the trial court's judgment.
NOTES
[1] Appellants alleged both malpractice and breach of fiduciary duty against appellees. However, the focus of appellants' claims are negligent drafting or review of certain documents and failure to timely inform appellants of defects in the document. They do not complain about any improper benefit appellees received from representing appellants. Thus, because the crux of appellants' complaints is a failure to provide adequate legal representation, we conclude the claims are only for legal malpractice. See Kimleco Petroleum, Inc. v. Morrison & Shelton, 91 S.W.3d 921, 924 (Tex.App.-Fort Worth 2002, pet. denied).
[2] Hughes v. Mahaney & Higgins, 821 S.W.2d 154 (Tex. 1991).
[3] Elliott first performed this work while at Cowles & Thompson, but later moved to KRCL where he continued his work with the estate tax return.
[4] Appellants also sued Wilson and Chambless, Wilson & Ruff and the trial court granted their motion for summary judgment based on limitations. Appellants do not, however, challenge that ruling on appeal.