NO. 07-06-0041-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 12, 2007

_____

LUCIA PATRICIA BRENNAN, APPELLANT

V.

NEVILL MANNING, INDIVIDUALLY; CLIFFORD, FIELD, KRIER,
MANNING, GREAK, P.C. AND FIELD, MANNING, STONE, HAWTHORNE
& AYCOCK, P.C. AS SUCCESSOR IN INTEREST, APPELLEES

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY, TEXAS COUNTY;

NO. 2004-526,836; HONORABLE ROYAL HART, JUDGE[1]

_____

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.[2]

**MEMORANDUM OPINION**

This is a legal malpractice case wherein we are called upon to decide whether the

trial court correctly granted summary judgment in favor of Appellees. Appellant, Lucia

_____

[1]Senior Judge sitting by assignment following entry of a *sua sponte* Order of
Recusal by the Honorable Mackey Hancock.

[2]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.

Patricia Brennan, filed suit against (1) Nevill Manning (individually Manning); (2) Clifford, Field, Krier, Manning, Greak, P.C.; and (3) Field, Manning, Stone, Hawthorne & Aycock, P.C.,(collectively Appellees) seeking recovery of damages for legal malpractice. Appellant maintains she was damaged by erroneous legal advice she claims to have received from Manning during his representation of her in a divorce proceeding. Appellant further maintains that Manning was a member of the Appellee law firms. Appellees, including Manning, filed an *Amended Motion for Summary Judgment* claiming that Appellant's claims were barred by statute of limitations and lack of causation. Appellees further contended that Appellant's DTPA claims were barred by the professional services exemption. The trial court granted summary judgment without specifying the basis for that ruling. By one issue, Appellant contends the trial court erred by granting summary judgment. Finding no error, we affirm the judgment of the trial court.

## BACKGROUND FACTS

In 1995, Appellant retained Manning and his law firm to represent her in a divorce proceeding against James Brennan. Brennan was an attorney specializing in personal injury litigation. At the time of the divorce, Appellant was aware that her husband received income from contingent fees and from the referral of cases to other attorneys. Appellant contends that during Appellees' representation she received erroneous legal advice from Manning that caused her to receive an inadequate share of the marital estate. Specifically, she maintains that Manning incorrectly advised her that she was not entitled to an interest in any contingent or referral legal fees owed to her husband.

2

Appellant's divorce proceeding resulted in the entry of a *Decree of Divorce* on January 23, 1998. Subsequent to entry of the *Decree of Divorce*, Appellant was periodically represented by Appellees on matters related to the enforcement of that decree. The underlying cause of action was filed on June 24, 2004.

Manning and the other Appellees filed an *Original Answer* affirmatively alleging that Appellant's claims were barred by limitations. Appellees subsequently filed a traditional and no-evidence *Amended Motion for Summary Judgment* alleging that Appellant's claims were barred by limitations and a lack of causation. Appellant contends that limitations did not operate to bar her cause of action for three reasons: (1) limitations was tolled during the existence of an attorney-client relationship; (2) accrual of her cause of action was deferred due to the discovery rule; and (3) limitations was tolled due to fraudulent concealment by Appellees. Appellant further contends the summary judgment evidence did raise a question of fact as to causation.

## NEGLIGENCE CLAIMS

### Two Year Statute of Limitations Applies

Legal malpractice claims are governed by a two year statute of limitations.[3] A legal malpractice claim accrues when the legal injury occurs, unless there is a legal basis for tolling limitations.[4] Appellant's legal malpractice claim centers upon her allegation that she

---

[3]Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2006); *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 120 (Tex. 2001).

[4]*Hughes v. Mahaney & Higgins,* 821 S.W.2d 154, 156 (Tex. 1991).

3

received an inadequate division of community property when Manning incorrectly advised her that she was not entitled to a share of referral or contingency fees from lawsuits pending at the time of her divorce. Therefore, Appellant's legal malpractice claim accrued when she sustained a legal injury, which would have been at the time the community property was divided by the entry of a decree of divorce.[5]

Tolling of Limitations - Attorney-Client Relationship

Appellant, relying upon *Willis v. Maverick,*[6] would have us adopt a bright line rule that says in a legal malpractice cause of action, limitations is tolled so long as the attorney-client relationship exists between the parties. Appellant's reliance on *Willis* is misplaced. The existence of an attorney-client relationship does not, standing alone, toll limitations in a legal malpractice cause of action.[7] Rather, limitations in a legal malpractice cause of action is tolled due to the attorney-client relationship only when the attorney's malpractice occurs and is discoverable during the course of the underlying litigation being pursued by the attorney on behalf of the client.[8] The *Hughes* rule, which tolls the limitations period until all appeals in the underlying action are exhausted, is expressly limited to cases

---

[5]*Smith v. McKinney,* 792 S.W.2d 740, 742 (Tex.App.–Houston [14[th] Dist.] 1990, writ denied).

[6]723 S.W.2d 259, 262 (Tex.App.–San Antonio 1986), *aff'd on other grounds,* 760 S.W.2d 642 (Tex. 1988).

[7]*Ponder v. Brice & Mankoff,* 889 S.W.2d 637, 644-45 (Tex.App.–Houston [14[th] Dist.] 1994, writ denied).

[8]*Hughes,* 821 S.W.2d at 156-57.

involving claims of attorney malpractice in the prosecution or defense of the underlying litigation and does not apply to malpractice claims involving transactional work.[9]

Appellant's *Decree of Divorce* was signed on January 23, 1998. Therefore, applying the *Hughes* rule to the facts of this case, the statute of limitations on Appellant's legal malpractice cause of action was tolled until February 22, 1998, the date her divorce decree became final.[10]

Subsequent to the *Decree of Divorce* becoming final, Manning performed legal services for Appellant in the nature of work incident to the enforcement of the decree. Appellant would have this Court extend the *Hughes* rule to revive the tolling of limitations during these periods of representation. We conclude that reasons underlying the *Hughes* rule are inapposite to the facts of this case, and we decline to extend that rule without clear precedent.

<u>Accrual of Cause of Action Deferred - Discovery Rule</u>

Appellant further argues that the accrual of her cause of action was deferred due to the fact that she could not and did not discover the erroneous advice. The "discovery rule" exception to the statute of limitations operates to defer accrual of a cause of action

---

[9]*Murphy v. Mullin, Hoard & Brown, L.L.P.,* 168 S.W.3d 288, 292 (Tex.App.–Dallas 2005, no pet.).

[10]No motion for new trial was filed; therefore, the *Decree of Divorce* became final 30 days after it was signed. Tex. R. Civ. P. 329b.

until such time as the claimant knows, or in the exercise of reasonable diligence should know, of the facts giving rise to her claim or cause of action.[11]

Therefore, the accrual of her cause of action, and concomitantly, the commencement of limitations, was deferred until that point in time that Appellant, with the exercise of reasonable diligence, knew or should have known that the community had an interest in the referral or contingent fees owed to her husband as a result of cases pending at the time of their divorce. Competent summary judgment evidence established that, more than two years prior to the commencement of this suit, Appellant had specific knowledge that referral and contingent fees were a part of their community estate because they had been listed as such in a sworn inventory filed by her husband in a prior divorce proceeding between the parties. Furthermore, Appellant was aware of specific referral and contingency fees cases pending at the time of her divorce and she even spoke to other lawyers concerning her right to receive a portion of the fees due to her husband from those cases. Subsequent to the divorce, Appellant retained an attorney to assist her in securing part of a referral or contingent fee that was due to be paid to her former husband. Based upon these facts, Appellant either knew, or in the exercise of reasonable diligence should have known, the facts giving rise to her claim more than two years prior to the commencement of this cause of action. As such, the trial court did not err in finding that

---

[11]*Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 735 (Tex. 2001).

6

the "discovery rule" did not operate so as to defer the accrual of Appellant's cause of action.

## Tolling of Limitations - Fraudulent Concealment

Appellant further argues the statute of limitations was tolled by the doctrine of fraudulent concealment. The tolling of limitations based upon fraudulent concealment is a distinct concept from the "discovery rule" exception and it exists for different reasons.[12] When applicable, the doctrine of fraudulent concealment operates to estop a defendant from relying on limitations as a defense.[13] The doctrine provides that where a defendant is under a duty to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations until the party either learns of the right of action or should have learned thereof through the exercise of reasonable diligence.[14] For the same reason that the discovery rule did not bar the application of the statute of limitations, the doctrine of fraudulent concealment does not operate to bar limitations.

---

[12]*Id. at 736.*

[13]*Cadle Co. v. Wilson,* 136 S.W.3d 345, 354 (Tex.App.–Austin 2004, no pet.).

[14]*Borderlon v. Peck,* 661 S.W.2d 907, 908 (Tex.1983).

## DTPA[15] CAUSES OF ACTION

Appellees candidly admit that their motion for summary judgment did not allege limitations as a bar to Appellant's DTPA causes of action. Appellees contend, however, that the trial court correctly granted summary judgment as to this cause of action because: (1) the DTPA expressly exempts claims for professional services; and (2) the alleged DTPA violations could not be a producing cause of Appellant's damages.

### Professional Services Exemption

The DTPA expressly exempts claims for damages based on the rendering of a professional service, the essence of which is the providing of advice, judgment, opinion, or similar professional skill.[16] This exemption does not, however, apply to: (1) an express misrepresentation of a material fact that cannot be characterized as advice, judgment, or opinion; (2) a failure to disclose information in violation of § 17.46(b)(24); (3) an unconscionable action or course of action that cannot be characterized as advice, judgment, or opinion; (4) breach of an express warranty that cannot be characterized as advice, judgment, or opinion; or (5) a violation of § 17.46(b)(24).

---

[15]Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. Com. Code Ann. §§ 17.001 - 17.885 (Vernon 2002 and Supp. 2006).

[16]§ 17.49(c) (Vernon Supp. 2006).

The professional services exemption is properly characterized as an affirmative defense which must be pleaded because it is a plea of confession and avoidance.[17] An examination of Appellees' *Original Answer* reveals that this exemption was never pleaded. An unpleaded affirmative defense can, however, serve as a basis for summary judgment when it is raised in the summary judgment motion and the opposing party does not object to the lack of proper pleadings either in written response or prior to rendition of judgment.[18] In this case, Appellees *First Amended Motion for Summary Judgment* clearly pleaded the professional services exemption as a bar to Appellant's DTPA claims. Appellant's *Response and Supporting Brief to Defendants' First Amended Motion for Summary Judgment* does allege that the professional services exemption is not applicable to the facts of her claim, but it does not object to the lack of proper pleadings. Therefore, the trial court did not err by considering this affirmative defense.

Appellant contends the professional services exemption is not applicable for two reasons: (1) Manning and the other Appellees failed to disclose information in violation of § 17.46(b)(24) and (2) the conduct of Manning and the other Appellees was unconscionable and could not be characterized as advice, judgment, or opinion. In the context of a summary judgment proceeding, a party relying on the professional services exemption has the burden to establish that exemption as a matter of law. Once

---

[17]Tex. R. Civ. P. 94; *Head v. U.S. Inspect DFW, Inc.,* 159 S.W.3d 731, 740 (Tex.App.–Fort Worth 2005, no pet.).

[18]*Roark v. Stallworth Oil and Gas, Inc.,* 813 S.W.2d 492, 494 (Tex. 1991).

established, the burden shifts to the party opposing summary judgment to establish the exception to the exemption.[19]

Appellant's claims are clearly based upon legal services provided to her by Manning and the other Appellees. The essence of those legal services was the providing of advice, judgment, opinion, or similar skill. As such, the professional services exception to the DTPA was raised by the evidence, thereby shifting the burden to Appellant to establish an exception to the exemption.

In order to establish the "failure to disclose" information in violation of § 17.46(b)(24) exception, the party must prove (1) the concealing-party knew something material about the goods or services being rendered (2) which was not disclosed (3) with the intent to induce the claimant-consumer into entering into a transaction, and (4) the claimant-consumer would not have entered into the transaction had the information been disclosed.[20] Appellant produced no summary judgment evidence which would have shown that either Manning or the other Appellees knew that any of the advice given to Appellant was erroneous. Furthermore, she failed to produce any summary judgment evidence that would have established that the failure to disclose any erroneous advice was done so with the intent to induce her into entering into the divorce settlement reached, nor that she would not have entered into the agreement reached had the allegedly erroneous

---

[19]*Head,* 159 S.W.3d at 740; *Palmer v. Enserch Corp.,* 728 S.W.2d 431, 435 (Tex.App.–Austin 1987, writ ref'd n.r.e.).

[20]*Patterson v. McMickle,* 191 S.W. 3d 819, 827 (Tex.App.–Fort Worth 2006, no pet.).

information been disclosed. Appellant, therefore, failed to establish the "failure to disclose" exception to the professional services exemption.

In order to establish the "unconscionable" exception to the professional services exemption, a consumer-complainant must establish that the complained of conduct was unconscionable. An unconscionable act is one that takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a "grossly unfair degree," or which results in a gross disparity between the value received and consideration paid, in a transaction involving transfer of consideration.[21] Unconscionable action requires a showing that the resulting unfairness was glaringly noticeable, flagrant, and unmitigated.[22] Conduct simply showing the failure to exercise that degree of care, skill, and diligence that an attorney of ordinary skill and knowledge would have exercised under the same or similar circumstances does not equate to an unconscionable act in violation of the DTPA.[23] Having reviewed Appellant's claim of unconscionability in light of the entire transaction, we find that Appellant's claims are best stated as simple negligence claims. It cannot be said that the alleged concealment of erroneous advice resulted in glaringly noticeable, flagrant, and unmitigated unfairness to Appellant in the attorney-client relationship. Accordingly, we find Appellant's summary judgment evidence did not establish the "unconscionable" exception to the professional services exemption.

---

[21]Tex. Bus. & Com. Code § 17.45(5).

[22]*Chastain v. Koonce,* 700 S.W. 2d 579, 584 (Tex. 1985).

[23]*See Latham v. Castillo,* 972 S.W.2d 66, 68-69 (Tex. 1998).

Producing Cause

Finally, we pretermit consideration of Appellee's contention that the trial court correctly granted summary judgment based upon a lack of producing cause. While we are mindful of this contention, our disposition of the professional services exemption eliminates the necessity that we consider that issue.[24]

## CONCLUSION

We find that Appellant's negligence and breach of contract causes of action, if any, accrued more than two years prior to the filing of this claim and were, therefore, barred by the applicable two year statute of limitations. We further find that Appellant's DTPA cause of action, if any, was barred by the professional services exemption. Finding no error in the judgment of the trial court, we affirm.

Patrick A. Pirtle
Justice

---

[24]Tex. R. App. P. 47.1.