Opinion issued October 7, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00658-CV

———————————

Dennis James Poledore, Jr., Appellant

V.

Frank Jerome
Fraley, Appellee



 



 

On Appeal from the 268th District Court

Fort Bend County, Texas



Trial Court Case No. 06DCV153748

 



MEMORANDUM OPINION
ON REHEARING

Dennis Poledore,
an inmate in the Texas Department of Corrections—Institutional Division, filed
a civil suit against Frank Fraley, the court-appointed attorney who represented
him in his criminal case, raising various tort claims and alleging that Fraley
had committed forgery by amending a waiver of arraignment document that
Poledore had previously signed.  Fraley
moved for summary judgment on no-evidence grounds, contending that he did not
breach any duty and, alternatively, any breach did not cause Poledore any
damages.  The trial court granted Fraley’s
motion and denied Poledore’s cross-motion.  On appeal, Poledore contends that (1) the
trial court erred in denying his cross-motion for summary judgment and granting
Fraley’s motion for summary judgment; (2) the trial court erred in failing to grant
Poledore’s request for jury trial and make findings of fact and conclusions of
law; and (3) the denial of his motion to recuse the trial judge was an abuse of
discretion.  We grant rehearing, withdraw our
opinion and judgment dated August 12, 2010, and issue this opinion in its stead
to clarify our ruling on issues Fraley raises in his motion for rehearing.  Our disposition of the case is unchanged. We hold that the trial court correctly
granted summary judgment in favor of Fraley and that Poledore’s failure to
procure a recording of the telephonic hearing on the motion to recuse the trial
judge precludes appellate review of the recusal order.  We therefore affirm. 

Background

Underlying
criminal proceedings

In his first appearance before the
trial court in the underlying criminal cases, Poledore asked for appointment of
counsel.  The trial court appointed Fraley
to defend Poledore.  In connection with
the proceedings, Fraley had Poledore sign a form entitled “Waiver of
Arraignment.”  In the form, dated
November 15, 2005, Poledore confirmed that (1) he is the person charged; (2) he
waives any statutory time allowed between service of the indictment and his
arraignment; (3) he waives the right to be formally arraigned; and (4) he
enters a plea of not guilty to the offenses charged.  

The State later issued two sets of
reindictments—the first to include
enhancement paragraphs, and the second to correct a date in the first
enhancement paragraph.  The original
indictments consisted of cause numbers 42537, 42538, and 42572.  The first reindictments added the following
to each charge:  

And it is further presented in and to said
Court that, prior to the commission of the aforesaid offense (hereafter styled
the primary offense), on the 19th day of August, 1984, in cause number
F84-76850-TK in the Criminal District Court 4 of Dallas County, Texas, the defendant
was convicted of the felony of Aggravated Robbery;

And it is further presented in and to said
Court that, prior to the commission of the primary offense, and after the
conviction in cause number F84-76850-TK was final, the defendant committed the
felony of Aggravated Robbery and was convicted on the 13th day of December,
1988, in cause number 513861 in the 174th District Court of Harris County,
Texas.

These first reindictments consisted of cause numbers
42537A, 42538A, and 42572A.  After the
State filed those charges, Poledore executed an affidavit acknowledging them
and confirming that he already had Fraley as his appointed counsel.  

The second set of reindictments corrected
the date listed in the first enhancement paragraph from “the 19th day of August,
1984” to “the 4th day of December, 1984.” 
They consisted of cause numbers 42537B, 42538B, and 42572B (the “B”
reindictments).  Before Fraley filed Poledore’s
signed waiver of arraignment form with the court, he added the letter “B”
following the original indictment cause numbers listed at the top of the form.

          During
the State’s case-in-chief, Fraley presented the following oral motion:

FRALEY:             Judge, on behalf of the defendant,
Mr. Dennis Poledore, he’s asking that this charge be dismissed based on the
fact that there was a reindictment in the case, and he was never arraigned on a
new reindictment.  The original was one
set of numbers, and there was one with sub-A and sub-B.  He has never waived his right to
arraignment.  He felt because he was
never arraigned under B, the charges being brought forward need to be
dismissed.   

THE STATE:       I believe he was arraigned, and he pled
in open court.

FRALEY:             Under the rules, that is saying
that—that’s not the same thing. 
Basically, what was read yesterday in regards to the indictment was just
to let the defendant know what charges were brought against him and to enter
his plea, where an arraignment has to do with identifying the defendant and
also getting his plea. . . . 

. . . .

THE STATE:       I have a document filed in the case,
waiver of arraignment, in all three cases.

FRALEY:             That’s before the
reindictments.  That was just for—

THE COURT:      Well, this is for B.  This is for the second reindictment in all
three cases, and, of course, not only your name is on there, but the
defendant’s name is on there.

In Poledore’s presence, Fraley informed the court
that he altered the waiver of arraignment form to apply it to the “B” reindictments
after Poledore signed the form.  Fraley
noted Poledore’s concern to the court, which was that he could have six charges
pending against him rather than three. 
The trial court stated, “That’s a matter of formality, and it would not
be grounds for stopping the trial or dismissing the charges.”  Poledore did not object to Fraley’s
alteration of the form or attempt to withdraw the waiver of arraignment.  The trial court denied the motion to dismiss
the charges.

          The
trial resulted in Poledore’s conviction on all three charges.  On direct appeal, this court affirmed the
convictions.  See Poledore v. State, Nos. 01-06-00948-CR, 01-06-00998-CR, and
01-06-00999-CR, 2008 WL 2466209 (Tex. App.—Houston [1st Dist.] June 19, 2008).  The Court of Criminal Appeals denied
Poledore’s petitions for discretionary review on November 5, 2008.  

Poledore’s
civil case against Fraley

Poledore filed a civil suit against
Fraley, the court-appointed attorney who represented him in his criminal case,
alleging that Fraley had (1) committed forgery by amending a waiver of
arraignment document that Poledore had previously signed, and (2) failed to
hire a private investigator to work on Poledore’s case.  Poledore’s petition alleged that it was a
“Tort Civil Action at Law for Damages” and that jurisdiction was “invoked by
the Texas Tort Claims Act.”  The trial
court granted Fraley’s first motion for no-evidence summary judgment on the
ground that he was not an “employee” under the Tort Claims Act, but our court reversed
the summary judgment and remanded the case to the trial court.  Poledore
v. Fraley, No. 01-07-00583-CV, 2008 WL 2465792 (Tex. App.—Houston [1st
Dist.] June 19, 2008).  After remand,
Fraley moved for summary judgment a second time, contending that had no
evidence that Fraley breached his duty of care or that any breach of that duty
caused Poledore any damages.  Poledore
filed an amended supplemental petition and a cross-motion for summary judgment
on the issue of liability.  The trial
court granted Fraley’s motion and denied Poledore’s cross-motion, and Poledore
timely appealed.

Discussion

I.       Propriety
of Summary Judgment 

A.      Standard of review

To prevail on a no-evidence summary
judgment motion, a movant must allege that there is no evidence of an essential
element of the adverse party’s cause of action.  Tex. R.
Civ. P. 166a(i); Fort Worth
Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004).  We review a no-evidence summary judgment under
the same legal sufficiency standard used to review a directed verdict.  Boaz v.
Boaz, 221 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Although the non-movant need not marshal its
proof, it must present evidence that raises a genuine issue of material fact on
each of the challenged elements.  Tex. R. Civ. P. 166a(i); Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004).  A no-evidence
summary judgment motion may not properly be granted if the non-movant brings
forth more than a scintilla of evidence to raise a genuine issue of material
fact on the challenged elements.  See Ridgway, 135 S.W.3d at 600.  More than a scintilla of evidence exists when
the evidence “rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions.”  Merrell Dow Pharms., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997) (quoting Burroughs
Wellcome v. Crye, 907 S.W.2d 497, 499 (Tex. 1995)).  When reviewing cross-motions for summary
judgment, we consider both motions and render the judgment that the trial court
should have rendered.  Coastal Liquids Transp., L.P. v. Harris
County Appraisal Dist., 46 S.W.3d 880, 884 (Tex. 2001).

          B.      Legal
malpractice claims

Poledore complains that the trial
court erred in granting summary judgment in favor of Fraley on his claims for forgery
and fraudulent conduct.  Whether Poledore’s
allegations, labeled as forgery, fraud, breach of fiduciary duty, negligence, or
some other cause of action, are actually claims for professional negligence is
a question of law to be determined by the court.  See,
e.g., Greathouse v. McConnell,
982 S.W.2d 165, 171 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (stating
court had to decide precise nature of claims alleged before considering grounds
asserted in summary judgment motion).  We
review this issue de novo.  See Barber v. Colo. Indep. Sch. Dist.,
901 S.W.2d 447, 450 (Tex. 1995).  

Poledore’s complaints about Fraley
stem from Fraley’s alteration of the signed original waiver of arraignment form
to apply it to the “B” indictments.  The
facts underlying Poledore’s legal claims show that Poledore assented to waiving
the arraignment by signing the original form, and did not protest to Fraley or
the trial court when Fraley explained that he altered the form.  The record reflects, moreover, that Poledore
was in fact arraigned.  Poledore contends,
however, that his lack of consent to waive arraignment on the “B” indictments
would have forced the State to prosecute the charges on the original
indictments, which did not contain the enhancement paragraphs and thus would
have subjected him to a lesser sentence. 
Poledore’s other complaints—including those made in his amended supplemental petition filed after
Fraley moved for summary judgment—all relate to what he perceives as Fraley’s wrongful handling of his
duties to defend Poledore in the criminal case.  

Texas courts do not allow
plaintiffs to convert what are really negligence claims into claims for fraud,
breach of contract, breach of fiduciary duty, or violation of the DTPA.  See,
e.g., Rangel v. Lapin, 177 S.W.3d
17, 24 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (concluding claims
for DTPA violations and breach of contract were actually claim for legal
malpractice because crux of claims was lawyers did not provide adequate legal
representation); Murphy v. Mullin, Hoard
& Brown, L.L.P., 168 S.W.3d 288, 290 n.1 (Tex. App.—Dallas 2005, no
pet.), (holding that client’s allegations that attorney was negligent in
drafting or reviewing documents and failed to timely inform clients of defects
in documents was not claim for breach of fiduciary duty, but actually for
professional negligence); see also Gibson
v. Ellis, 126 S.W.3d 324, 330 (Tex. App.—Dallas 2004, no pet.) (concluding
that, even if lawyer gave incorrect explanations for deductions from settlement
in personal injury lawsuit, no conclusive evidence indicated that lawyer knew
of falsity or that explanations were made for purpose of subordinating client's
interest).  Claims resting on allegations
of an attorney’s erroneous legal opinion or legal advice, delay or neglect in handling
a matter entrusted to the attorney’s care, or failing to use ordinary care in
preparing, managing, and prosecuting a case constitute professional negligence,
not fraud, breach of contract, or breach of fiduciary duty.  Murphy
v. Gruber, 241 S.W.3d 689, 693 (Tex. App.—Dallas 2007, pet. denied).

Poledore’s claims here sound in
negligence—that his attorney should not have added the “B” cause numbers at the
top of his waiver of arraignment because it was not a sound trial
strategy.  The claim does not sound in fraud
because the attorney disclosed his actions to Poledore, and to the court, in
Poledore’s presence.  See 7979 Airport Garage, L.L.C. v. Dollar
Rent A Car Sys., Inc., 245 S.W.3d 488, 507 n.27 (Tex. App.—Houston [14th
Dist.] 2007, pet. denied) (to prove fraud by nondisclosure, plaintiff must show
that person with duty to disclose deliberately failed to disclose material
facts); see also Bradford v. Vento,
48 S.W.3d 749, 754–55 (Tex. 2001).  We
therefore construe Poledore’s claims as a single claim for legal
malpractice.  Generally, to recover on a
claim of legal malpractice, a plaintiff must prove: (1) the attorney owed the
plaintiff a duty; (2) the attorney breached that duty; (3) the breach
proximately caused the plaintiff's injuries; and (4) damages occurred.  Trousdale
v. Henry, 261 S.W.3d 221, 227–28 (Tex. App.—Houston [14th Dist.] 2008, pet.
denied); Farah v. Mafrige & Kormanik,
P.C., 927 S.W.2d 663, 670 (Tex. App.—Houston [1st Dist.] 1996, no writ); see McMahan v. Greenwood, 108 S.W.3d 467,
495 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (citing Peeler v. Hughes & Luce, 909 S.W.2d
494, 496 (Tex.1995)).  Attorneys may also
be held liable for a breach of fiduciary duty, but such a claim requires
allegations of self-dealing, deception, or misrepresentations that go beyond
the mere negligence allegations in a malpractice action.  Trousdale,
261 S.W.3d at 227 (citing Goffney, 56
S.W.3d at 193–94). In addition the waiver’s execution date of November 15, 2005
plainly shows that the waiver related back to the initial indictments.  Fraley objected and moved to dismiss the
charges, but the trial court overruled it. 


Summary judgment on proximate cause
in a legal malpractice action is warranted if the attorney’s act or omission
was not the cause of any damages to the client. 
Swinehart v. Stubbeman, McRae,
Sealy, Laughlin & Browder, Inc., 48 S.W.3d 865, 875 (Tex. App.—Houston
[14th Dist.] 2001, pet. denied).  In Peeler v. Hughes & Luce, the Texas
Supreme Court identified a variation of this no-causation rule for legal
malpractice claims arising out of criminal prosecutions.  See
909 S.W.2d 494, 497 (Tex. 1995).  The
Court noted that “nearly every court that has addressed the question of whether
a convict may sue his or her attorney holds that, for reasons of public policy,
the criminal conduct is the only cause of any injury suffered as a result of
conviction.”  Id.  Consequently, legal
malpractice claims brought by a convicted criminal defendant against his
defense counsel—like
Poledore’s claims here—fail as a
matter of law, unless an appellate court first reverses the conviction.  Id.  

On appeal, we affirmed Poledore’s
convictions, and the Court of Criminal Appeals refused his petition for
discretionary review.  This result
dictates that Poledore’s legal malpractice claims fail as a matter of law and makes
it unnecessary to reach his remaining issues concerning the alleged acts giving
rise to those claims.  We therefore hold
that the trial court correctly granted summary judgment in favor of Fraley and
denied Poledore’s cross-motion for summary judgment on his legal malpractice
claims.

C.      Effect of summary judgment other issues

Poledore also complains that the
trial court disregarded his request for a jury trial.  Because we have held that the trial court
correctly granted summary judgment, Poledore’s request for jury trial is moot.  The trial court correctly disposed of the
issues as a matter of law, so no fact finder was required.  The trial court likewise did not err in
failing to issue findings of fact and conclusions of law.  In IKB
Industries (Nigeria) Ltd. v. Pro-Line Corp., the Texas Supreme Court
explained: 

[F]or summary judgment to be rendered, there
cannot be a genuine issue as to any material fact, and the legal grounds are
limited to those stated in the motion and response.  In other words, if summary judgment is proper,
there are no facts to find, and the legal conclusions have already been stated
in the motion and response.   

938 S.W.2d 440, 441 (Tex. 1997) (internal quotation
and citations omitted); see also Tex. R. Civ. P. 296 (requiring trial
court to issue findings of fact and conclusions of law on parties’ request
after bench trial); Linwood v. NCNB Tex.,
885 S.W.2d 102, 103 (Tex. 1994) (noting findings of fact and conclusions of law
have “no place” in summary judgment proceeding).

II.      Motion
to recuse trial judge

Poledore also appeals the denial of
his motion to recuse the trial judge.  A telephonic
evidentiary hearing was held before Judge John Board of the 181st Judicial
District Court on Poledore’s motion to recuse, and Judge Board denied the
motion.  A court reporter was not present
to record the hearing.  Without a record
of the proceedings, we cannot review the order for abuse of discretion, and
nothing is presented for review.  See Tex.
R. Civ. P. 18a(f); In re M.C.M.,
57 S.W.3d 27, 33 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); Birnbaum v. Law Offices of G. David
Westfall, P.C., 120 S.W.3d 470, 476 (Tex. App.—Dallas 2003, pet. denied).  

Conclusion

          We
hold that the trial court correctly granted summary judgment in favor of Fraley
on Poledore’s legal malpractice claims and that Poledore’s failure to procure a
record of the hearing on his motion to recuse the trial judge renders the
denial of that motion unreviewable.  We
therefore affirm.

 

                                                                   Jane
Bland

                                                                    Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.